**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CARLOS MARTIN-DELGADO MARTINEZ, *

Plaintiff, *

v. * Civil Action No. 8:25-cv-3391-PX

LYFT, INC. *et al.*, *

Defendants.

***

## MEMORANDUM OPINION

Pending is Plaintiff Carlos Martin-Delgado Martinez ("Martinez")'s motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 27. Also pending is Defendant Lyft, Inc. ("Lyft")'s motion for judgment on the pleadings under Rule 12(c). ECF No. 25. The motions are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the Court denies Martinez's motion and grants Lyft's motion.

### I. Background

In June 2024, Andre Cummings ("Cummings") was working as a Lyft driver. Cummings' passenger, Ridhi Shetty, opened the car door to exit and hit Martinez as he rode past on his bicycle. ECF No. 2 ¶¶ 2–4. Shetty is a resident of the District of Columbia ("D.C."), and the accident took place in D.C. ECF No. 27. Nonetheless, Martinez filed suit in Prince George's County Circuit Court and against only Cummings and Lyft for negligence (Count I) and negligent hiring and supervision as to Lyft (Count II). ECF No. 2 ¶¶ 6–7, 8–10.

Lyft timely noted removal to this Court and answered the Complaint. ECF Nos. 1 & 8. Martinez next moved to remand the action to the Prince George's County Circuit Court. ECF No. 9. While his motion was pending, Martinez took several months to serve Cummings, not

perfecting service until March 28, 2026. ECF No. 14. Thereafter, Cummings answered the Complaint. ECF No. 15.

On June 18, 2026, the Court held a hearing on Martinez's remand motion. Martinez persisted that Prince George's County Circuit Court remained the correct forum, and his forum of choice. The Court disagreed for reasons unrelated to the present motions and denied remand. ECF Nos. 19 & 20. The Court also issued a scheduling order, marking the commencement of formal discovery. ECF No. 21. Discovery is scheduled to close on January 4, 2027. ECF Nos. 23 & 24.

Lyft next moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) only as to Count II. ECF No. 25. Martinez never substantively responded to the motion. Instead, he asked that the Court "defer" ruling on Lyft's motion, and he separately moved to dismiss the entire case without prejudice pursuant to Rule 41(a)(2). ECF Nos. 26 & 27.

As grounds for dismissal, Martinez asserts that subsequent conversations with counsel for Lyft and Cummings made clear that *they* view Shetty as a necessary party because *they* "contend Ms. Shetty caused and/or contributed to the occurrence." ECF No. 27 at 4. From this, says Martinez, he will sue Shetty, which he must do in D.C. Superior Court because Shetty is a D.C. resident and the accident took place in D.C. *Id.* at 6. Martinez stresses that "efficiency" counsels in favor of dismissal so he can sue everyone in one court. *Id*.

Lyft understandably objects, citing the prejudice it would suffer after having litigated this case in this forum for nearly a year, combined with the questionable assertion that somehow Martinez just discovered Shetty's importance to his suit. ECF No. 28 at 4–5. Lyft separately urges the Court to grant judgment in its favor as to Count II, rightly noting that Martinez's silence on the merits of its motion counsels in favor of the requested relief. ECF No. 29.

The Court turns first to Martinez's motion to dismiss.

## II. Motion to Dismiss

Rule 41(a)(2) affords the Court wide discretion to dismiss an action upon plaintiff's request. *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). In considering the request, however, the Court "must focus primarily on protecting the interests of the defendant." *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 60 (D. Md. 1998) (quoting *Davis*, 819 F.2d at 1273). Accordingly, the Court must take into account "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, *i.e.*, whether a dispositive motion is pending." *Hobbs v. Kroger Co.*, No. 98-1831, 1999 WL 156045, at *1 (4th Cir. Mar. 23, 1999). The Court discusses each factor separately.

First, the parties agree that trial is not imminent and so dismissal would not prejudice Lyft in that respect. ECF No. 27 at 6; ECF No. 28 at 5. However, all remaining factors tilt the other way. On the second factor, Martinez's litigation strategy bespeaks a lack of diligence and a penchant for delay. He first delayed service of Cummings for reasons that confounded the Court. ECF No. 12; ECF No. 28 at 5. He next urged the Court to remand the matter to *his* choice of forum, Prince George's County Circuit Court. ECF No. 9. But now that he faces Lyft's substantive motion, he contends the case ought to be brought in D.C. ECF No. 27. As justification, Martinez wants the Court to believe he just figured out the need to join Shetty based on his conversations with defense counsel. ECF No. 27 at 3–4; ECF No. 30 at 4. But this argument is belied by his own Complaint, which avers that "Shetty opened the passenger side rear door into the bicycle lane, *causing* the vehicle's door to strike the Plaintiff's bicycle, *and causing* Plaintiff to be ejected from the bicycle and land violently on the pavement." ECF No. 1 ¶ 4 (emphasis added). Clearly, Martinez knew Shetty's acts lie at the heart of this negligence suit. To suggest

otherwise, *see* ECF No. 27 at 3–4, is disingenuous at best, and, more importantly, supports that Martinez now seeks dismissal to sow further delay and confusion.

Third, Martinez's reasons for dismissal are hard to believe. Martinez pleaded in his Complaint that Shetty *caused* his injuries, ECF No. 2 ¶¶ 3–4, 6. And yet, it supposedly took him nine months to figure out Shetty's importance in the litigation – a discovery he made only after he lost the motion to remand, and after Lyft moved for judgment on the pleadings. The reason is thin and the timing of this motion is suspect. *See Nesari v. Taylor*, 806 F. Supp. 2d 848, 861 (E.D. Va. 2011) ("[A] motion to voluntarily dismiss under Rule 41(a)(2) should be denied when a plaintiff seeks to circumvent an expected adverse result."); *Shabazz v. PYA Monarch*, LLC, 271 F. Supp. 2d 797, 800 (E.D. Va. 2003). This factor, too, counsels against dismissal.

Last, as to the "present stage of litigation," the parties have filed two rounds of substantive motions, and are well into merits discovery. Lyft also has filed a meritorious motion for judgment on the pleadings. This litigation, in essence, is closer to the end than the beginning. It seems hardly fair to Defendants to reset the case entirely. ECF Nos. 20, 25, 27. *See Harriston v. Target Corp.*, No. CV GLR-23-2795, 2025 WL 1207387, at *5 (D. Md. Apr. 25, 2025) (denying a motion to dismiss under Rule 41(a)(2) in part because defendants filed a motion for judgment on the pleadings before plaintiff filed the motion to dismiss).

For these reasons, dismissal would visit unfair prejudice on Defendants. Thus, the motion must be denied.[1] The Court next turns to Lyft's motion.

## III. Motion for Judgment on the Pleadings

A party may move for judgment on the pleadings essentially at any time "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). A motion under Rule 12(c) "is assessed under the

[1] Of course, Martinez is free to file suit against Shetty in D.C.

same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). Thus, the Court accepts the complaint facts as true and draws all reasonable inferences in favor of the plaintiff. *ImpactOffice, LLC v. Siniavsky*, Civ. No. TDC-15-3481, 2017 WL 1410773, at *3 (D. Md. Apr. 19, 2017). If "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief," then judgment on the pleadings is warranted. *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

Lyft argues that no complaint facts support the negligent hiring and supervision count. ECF No. 2 ¶¶ 8–10.[2] Negligent hiring or supervision concentrates on "the employer's direct negligence, rather than under a theory of vicarious liability based on the employee's negligence." *Blackwell v. Planet Fitness Franchising, LLC*, 356 A.3d 1251, 1262 (D.C. 2026) (quoting *Blair v. District of Columbia*, 190 A.3d 212, 229 (D.C. 2018)). Accordingly, to survive challenge, some complaint facts must demonstrate that the employer "knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee." *Katz v. D.C.*, 285 A.3d 1289, 1317 (D.C. 2022) (quoting *Giles v. Shell Oil Corp.*, 487 A.2d 610, 613 (D.C. 1985)).

No facts support this claim against Lyft. The Complaint does not include, for example, any information regarding how Lyft did or did not train or supervise Cummings on *any* safety measures, let alone those applicable to disembarking passengers. Rather, the Complaint baldly avers that Lyft "breached the duties owed" to Martinez by "failing to responsibly hire, train, and supervise its personnel." ECF No. 2 ¶ 9. This is no more than a bare legal conclusion couched as

---

[2] Although neither party addresses the applicable substantive law for this claim, Maryland's choice-of-law principles command that the Court apply the law of the state where the alleged harm occurred. *McCoy v. Biomet Orthopedics, LLC*, No. CV ELH-12-1436, 2019 WL 6324558, at *7 (D. Md. Nov. 25, 2019) (citations omitted). Thus, the Court looks to the common law of D.C. ECF No. 2 ¶ 2.

fact, which alone cannot sustain the claim. *See Search v. Uber Techs., Inc.*, 128 F. Supp. 3d 222, 230 (D.D.C. 2015) (dismissing negligent hiring claim because complaint failed to identify any measures that the employer did not take that could have prevented the hiring); *Stevens v. Sodexo, Inc.*, 846 F. Supp. 2d 119, 128 (D.D.C. 2012) (dismissing negligent hiring, supervision, and retention claim).

Nor does Martinez suggest otherwise. His choice to not respond to the merits appears a calculated – and ill advised – risk that reflects "either a lack of diligence or a tacit awareness of the lack of merits of his claims." *Walker v. Trans Union, LLC*, Civ. No. PWG-16-3926, 2017 WL 4786625, at *2 (D. Md. Oct. 24, 2017). Either way, Martinez has failed to adduce any facts, averred or otherwise, that would save Count II. Lyft's motion is, therefore, granted.

**IV. Conclusion**

For the foregoing reasons, Martinez's motion to dismiss under Fed. R. Civ. P. 41(a)(2) is denied and Lyft's motion for judgment on the pleadings at to Count II is granted in Lyft's favor.

A separate Order follows.

11/09/2026
Date

/s/
Paula Xinis
United States District Judge